# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD LAWRENCE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GLOBAL BLOOD THERAPEUTICS, INC., TED W. LOVE, MARK L. PERRY, DAWN SVORONOS, SCOTT MORRISON, GLENN PIERCE, ALEXIS A. THOMPSON, DEVAL L. PATRICK, PHILIP PIZZO, and WENDY YARNO,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Richard Lawrence ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1. This is a stockholder action brought by Plaintiff against Global Blood Therapeutics, Inc. ("GBT" or the "Company") and the members of GBT's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell GBT to Pfizer Inc. ("Pfizer") (the "Proposed Transaction").

2. On August 7, 2022, GBT entered into an Agreement and Plan of Merger with Pfizer and Ribeye Acquisition Corp. ("Merger Sub") (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Pfizer will acquire GBT for $68.50 in cash for each GBT common share.

3. On August 29, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that GBT stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisors, J.P. Morgan Securities LLC ("J.P. Morgan") and Centerview Partners LLC ("Centerview"); and (iii) potential conflicts of interest faced by Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as GBT stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for GBT stockholders to vote on the Proposed Transaction is currently scheduled for September 30, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and GBT's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. GBT's common stock trades on the Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of GBT common stock.

10. Defendant GBT is a Delaware corporation, with its principal executive offices located at 181 Oyster Point Blvd., South San Francisco, CA 94080. GBT's shares trade on the Nasdaq Global Select Market under the ticker symbol "GBT."

11. Defendant Ted W. Love has been GBT's President and Chief Executive Officer and a director of the Company at all relevant times.

12. Defendant Mark L. Perry has been a director of the Company at all relevant times.

13. Defendant Dawn Svoronos has been a director of the Company at all relevant times.

14. Defendant Scott Morrison has been a director of the Company at all relevant times.

15. Defendant Glenn Pierce has been a director of the Company at all relevant times.

16. Defendant Alexis A. Thompson has been a director of the Company at all relevant times.

17. Defendant Deval L. Patrick has been a director of the Company at all relevant times.

18. Defendant Philip Pizzo has been a director of the Company at all relevant times.

19. Defendant Wendy Yarno has been a director of the Company at all relevant times.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

SUBSTANTIVE ALLEGATIONS

**Background of the Company**

21. GBT is a biopharmaceutical company engaged in the discovery, development, and delivery of treatments for underserved patient communities with sickle cell disease ("SCD"). The Company offers Oxbryta tablets, an oral, once-daily therapy for SCD, the first Food and Drug Administration-approved medicine that directly inhibits sickle hemoglobin (HbS) polymerization, the root cause of red blood cell sickling in SCD. In addition, GBT is developing its lead product candidate inclacumab, novel human monoclonal antibody, which is in Phase III a clinical trial to reduce the incidence of painful vaso-occlusive crises, and resulting hospital admissions; and GBT601, a hemoglobin polymerization inhibitor that is in Phase I development. The Company has a license and collaboration agreement with Syros Pharmaceuticals, Inc. to discover, develop, and commercialize therapies for SCD and beta thalassemia; and Sanofi S.A. to two early-stage research programs in SCD.

**The Proposed Transaction**

22. On August 8, 2022, GBT announced that it had entered into the Proposed Transaction, stating, in relevant part:

**NEW YORK and SOUTH SAN FRANCISCO, Calif., Aug. 08, 2022 (GLOBE NEWSWIRE)** -- Pfizer Inc. (NYSE: PFE) and Global Blood Therapeutics, Inc. (GBT) (NASDAQ: GBT) today announced the companies have entered into a definitive agreement under which Pfizer will acquire GBT, a biopharmaceutical company dedicated to the discovery, development and delivery of life-changing treatments that provide hope to underserved patient communities, starting with sickle cell disease (SCD). The acquisition complements and further enhances Pfizer's more than 30-year heritage in rare hematology and reinforces the company's commitment to SCD by bringing expertise and a leading portfolio and pipeline with the potential to address the full spectrum of critical needs in this underserved community. Pfizer intends to continue to build on the companies' shared commitment to and engagement with the SCD community.

Under the terms of the transaction, Pfizer will acquire all the outstanding shares of GBT for $68.50 per share in cash, for a total enterprise value of approximately $5.4 billion, including debt and net of cash acquired. The Boards of Directors of both companies have unanimously approved the transaction.

SCD is a lifelong, devastating inherited blood disorder impacting millions of people worldwide, predominantly in populations of African, Middle Eastern and South Asian descent. GBT developed Oxbryta® (voxelotor) tablets, a first-in-class medicine that directly targets the root cause of SCD. Oxbryta was approved in the United States in November 2019 and is also approved in the European Union, United Arab Emirates, Oman and Great Britain. Net sales for Oxbryta were approximately $195 million in 2021. Leveraging its global platform, Pfizer plans to accelerate distribution of GBT's innovative treatment to parts of the world most impacted by SCD.

In addition, GBT is developing GBT021601 (GBT601), an oral, once-daily, next-generation sickle hemoglobin (HbS) polymerization inhibitor in the Phase 2 portion of a Phase 2/3 clinical study. GBT601 has the potential to be a best-in-class agent targeting improvement in both hemolysis and frequency of vaso-occlusive crisis (VOC). GBT's promising pipeline also includes inclacumab, a fully human monoclonal antibody targeting P-selectin which is being evaluated in two Phase 3 clinical trials as a potential quarterly treatment to reduce the frequency of VOCs and to reduce hospital readmission rates due to VOCs. Both GBT601 and inclacumab have received Orphan Drug and Rare Pediatric Disease designations from the U.S. Food and Drug Administration (FDA). If approved, GBT's pipeline and Oxbryta have the potential for an SCD franchise that could achieve combined worldwide peak sales of more than $3 billion.

"Sickle cell disease is the most common inherited blood disorder, and it disproportionately affects people of African descent. We are excited to welcome GBT colleagues into Pfizer and to work together to transform the lives of patients, as we have long sought to address the needs of this underserved community," said Albert Bourla, Chairman and Chief Executive Officer, Pfizer. "The deep market

knowledge and scientific and clinical capabilities we have built over three decades in rare hematology will enable us to accelerate innovation for the sickle cell disease community and bring these treatments to patients as quickly as possible."

"Today is an exciting milestone that accelerates GBT's mission to discover, develop and deliver life-changing treatments that provide hope to underserved patient communities," said Ted W. Love, M.D., President and Chief Executive Officer, GBT. "Pfizer will broaden and amplify our impact for patients and further propel much-needed innovation and resources for the care of people with sickle cell disease and other rare diseases, including populations in limited-resource countries. We look forward to working together with Pfizer to serve our communities and advance our shared goal of improving health equity and expanding access to life-changing treatments to create a healthier future for all."

Pfizer expects to finance the transaction with existing cash on hand. The proposed transaction is subject to customary closing conditions, including receipt of regulatory approvals and approval by GBT's stockholders.

Due to the proposed transaction, GBT will not hold its previously scheduled conference call to discuss its second quarter 2022 financial results. The company will file its quarterly report on Form 10-Q for the quarter ending June 30, 2022 with the U.S. Securities and Exchange Commission announcing those results on August 8, 2022.

Pfizer's financial advisors for the transaction are Morgan Stanley & Co. LLC and Goldman Sachs & Co. LLC, with Wachtell, Lipton, Rosen & Katz acting as its legal advisor. GBT's financial advisors for the transaction are J.P. Morgan Securities LLC and Centerview Partners LLC, with Cravath, Swaine & Moore LLP and Goodwin Procter LLP acting as legal advisors.

**The Materially Incomplete and Misleading Proxy Statement**

23.     On August 29, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC.  The Proxy Statement, which recommends that GBT stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisors, J.P. Morgan and Centerview; and (iii) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning GBT's Financial Projections*

24. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

25. For example, with respect to the Company's financial projections, the Proxy Statement fails to disclose the line items underlying the calculation of: (i) EBIT; (ii) Unlevered Free Cash Flow – Incl. NOLs and Equity Raise; and (iii) Unlevered Free Cash Flow – Excl. NOLs and Equity Raise.

26. The Proxy Statement further fails to disclose a summary of Company management's preliminary financial projections which the Company's financial advisors based their review of Company A's June 6, 2022 proposal and presented at the June 14, 2022 Board meeting, and a quantification of any changes made to arrive at management's updated financial projections which were presented to the Board on August 3, 2022.

*Material Misrepresentations and/or Omissions Concerning J.P. Morgan's and Centerview's Financial Analyses*

27. The Proxy Statement fails to disclose material information concerning J.P. Morgan's and Centerview's financial analyses.

28. With respect to J.P. Morgan's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; and (ii) the inputs and assumptions underlying the discount rates ranging from 10.5% to 13.5%.

29. With respect to J.P. Morgan's *Public Trading Multiples* analysis and *Selected Transaction Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies and transactions analyzed by J.P. Morgan, respectively.

30. With respect to J.P. Morgan's review of analyst price targets, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof

31. With respect to Centerview's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; (ii) the inputs and assumptions underlying the discount rates ranging from 10.5% to 12.5%; and (iii) the Company's fully diluted outstanding shares.

32. With respect to Centerview's *Selected Public Company Analysis* and *Selected Precedent Transaction Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies and transactions analyzed by Centerview, respectively.

33. With respect to Centerview's *Analyst Price Targets Analysis*, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

34. With respect to Centerview's *Precedent Premiums Paid Analysis*, the Proxy Statement fails to disclose: (i) the transactions analyzed; and (ii) the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

35. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

36. Specifically, the Proxy Statement fails to disclose whether any of Pfizer's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

37. In sum, the omission of the above-referenced information renders statements in the "Certain Financial Forecasts," "Opinion of J.P. Morgan," "Opinion of Centerview," and "Background of the Merger" sections of the Proxy Statement materially incomplete and

8

misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of GBT will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and GBT**

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  GBT is liable as the issuer of these statements.

40. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

41. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

43. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

44. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

45. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of GBT within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of GBT and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

50. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of GBT, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.	Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 8, 2022	**ACOCELLI LAW, PLLC**

By	*/s/ Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*